CARMELO BERRÍOS RIVERA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 756. Argued April 20, 1931.—Decided April 28, 1931.

V. *Polanco de Jesús* for petitioner. *James R. Beverley, Attorney. General,* and *A. Ortiz Toro, First Assistant Attorney General,* for the Industrial Commission, intervener.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a certiorari proceeding instituted by a workman who secured an order from the Industrial Commission of Puerto Rico directing the "State Fund" as an insurer to pay him the sum of $900 as compensation within fifteen days from the service of notice of the said order. The warrant for payment was issued in December, 1929, and received by the Treasurer of Puerto Rico in the same month. That official did nothing for one year, whereupon the workman filed a petition in the District Court of San Juan for the issuance of a writ of mandamus commanding the Treasurer to effect the payment. An order to show cause was issued. The Treasurer demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action and filed an answer in which he pleaded several special defenses. Upon the case being called for a hearing on the demurrer, the petitioner moved for a judgment on the pleadings. The court denied this motion on the ground that the essential facts of the petition had been controverted in the answer, and it proceeded to sustain the demurrer as follows:

"In the decision of the Industrial Commission transcribed in Paragraph II of the petition it is stated that the insurer is the 'State Fund', and it is directed that notice be served on the workman, the employer, the *Auditor* and the *Treasurer of Puerto Rico.* Also, it is alleged in Paragraph III that in pursuance of the said decision the Industrial Commission, on December 20, 1929, issued an order of payment duly signed by its president, Juan M. Herrero, and its secretary, Joaquín A. Becerril, directing the Treasurer of Puerto Rico to pay the sum of $905.57 in liquidation of the case referred

to in said decision, the said Treasurer being the only person authorized and bound under the law to make such payment on receipt of said order; that the said order was received on the same day, December 20, 1929, by the Treasurer of Puerto Rico, and that up to the present time, notwithstanding the lapse of one year since such receipt, the Treasurer of Puerto Rico has failed to make payment to the petitioner.

"Section 7 of the Workmen's Compensation Act (Act 85 of May 14, 1928), as amended by Act No. 40 of April 25, 1929, provides that the Industrial Commission, in its purely administrative functions, and the Workmen's Compensation Bureau, under the direction and control of the Treasurer of Puerto Rico, shall constitute the insurer known as the 'State Fund'; that it shall be the duty of the Industrial Commission to liquidate all the cases of workmen whose employers are insured with the State Fund, and that it shall be incumbent upon the Workmen's Compensation Bureau to audit and make all such payments as, according to law, must be made from the Workmen's Compensation Trust Fund.

"The petition for mandamus fails to designate the funds out of which respondent Manuel V. Domenech, in his capacity as Treasurer of Puerto Rico, must pay the liquidated sum of $905.57, and if such payment is chargeable to the State Fund, then, as the law vests in him the right to audit, since the Workmen's Compensation Bureau is under his direction and control, it was necessary to allege also an abuse of discretion."

Thereupon the workman filed in this Court his petition for certiorari. A preliminary writ was issued and we have before us all the documents in the case.

The question is a complex one not only as regards the facts involved, but also as to the construction of the applicable law.

The statute which created the Industrial Commission, Act No. 85, Session Laws of 1928, was amended in 1929. Section 7 thereof, as amended, in its pertinent part reads as follows:

"The Industrial Commission shall have quasi-judicial functions as regards the decision of all cases of accidents covered by this Act, and shall also have purely administrative functions as regards the rendering of medical services and the liquidation of cases of laborers whose employers are insured in the State Fund. The In-

dustrial Commission, in its purely administrative functions, and the Workmen's Compensation Bureau referred to in paragraph (c) of this section, shall be the insurer known a the State Fund, and shall have competitive nature in the free competition authorized by this Act. In its quasi-judicial functions the Industrial Commission shall represent the public interests only.

"(c) The Workmen's Compensation Bureau, which is hereby created in the Department of Finance under the jurisdiction of the Treasurer of Porto Rico, shall have a competitive character. Said bureau, under the direction and control of the Treasurer of Porto Rico and in accordance with law and with the regulations in force, shall insure all employers who choose state insurance and those who must insure with the State by operation of law. It shall audit and make all such payments as, according to law, must be made from the Workmen's Compensation Trust Fund."

It will be noted that the commission has quasi-judicial and administrative functions, and that in addition, as regards subdivision (c), it forms a part of the insurance body known as the State Fund. Let us consider the decision rendered by the Industrial Commission in the present case. In its relevant part it reads as follows:

"Government of Puerto Rico.—Department of Agriculture and Labor.—In the Industrial Commission of Puerto Rico.—Carmelo Berrios Rivera, Petitioner.—Municipality of Morovis, Employer.— State Fund, Insurer.—No. 20704 . . . Order. Having carefully considered the record in this case; it appearing that all the particulars, facts, and circumstances, as above set forth or recited are true; and that the present case is, therefore, one of those of partial and permanent disability covered by the Act; bearing in mind the degree of disability sustained by the workman, the wages he was earning at the time of the accident and his life expectancy, based on his age, the Industrial Commission, pursuant to the authority conferred upon it by law, hereby orders the payment to the workman herein of compensation, which we fix at $900, and in addition thereto any weekly allowances to which he may be entitled. . . ."

The order speaks for itself and expresses that the commission acted in the exercise of its quasi-judicial functions when it considered the record of the case and ordered the

payment of the sum of $900 as compensation to the workman. As regards the rendering of medical services to the workman and the liquidation of similar expenses which the commission might have authorized, the powers of the commission are exercised in the administrative field, in which it acts jointly with the Workmen's Compensation Bureau and, as already stated, forms with the latter the State Fund.

We have considered both the memorandum of the defendant filed in the district court in the mandamus proceeding and its brief in the certiorari proceeding, and as the laws involved are recent enactments, and the said brief reveals with absolute clearness the position taken by the Treasurer, especially that of the Superintendent of Insurance, it would seem advisable to transcribe from that brief the following:

"We maintain that the petition is insufficient, because a decision of the Industrial Commission can not restrain, limit, or turn into ministerial functions the discretionary powers of the Treasurer. Let us see what those powers are. It appears from section 25 of Act No. 85 of 1928 that the Industrial Commission has absolutely no power to order the Treasurer to do anything. Its functions are confined *to determine* an amount and *to certify* a decision.

"On the other hand, the Treasurer of Puerto Rico has fiscal functions to perform. If this Hon. Court examines Act No. 40 of 1929, it will notice that according to subdivision (c) of section 7, the Workmen's Compensation Bureau is under the direction and control of the Treasurer of Puerto Rico and shall audit and make all such payments as, pursuant to law, must be made from the Workmen's Compensation Trust Fund . . .

"We also maintain that account must be taken of the fact that a decision of the Industrial Commission can not be enforced by the Treasurer of Puerto Rico without previous action on the part of the Superintendent of Insurance. According to section 24 of Act No. 85 of 1928, the Superintendent of Insurance is bound to execute the decisions of the Commission in four contingencies. Under this section ultimate jurisdiction is vested precisely in the Superintendent of Insurance. It is so concluded in a report on our 1928 Compensation Act prepared by attorney Robertson Jones, of the Workmen's Compensation Publicity Bureau, a research organization whose specialty is workmen's compensation and which has examined

all the workmen's compensation statutes enacted in the continental United States and its Territories.

"It is urged in the fourth paragraph of the petition for certiorari that the Industrial Commission has quasi-judicial functions and that where no appeal is taken to a district court, in accordance with section 15 of the act, it is quite contrary to law to allow a third person—the Superintendent of Insurance—to vacate or set aside a decision of the Industrial Commission. This conclusion is erroneous, because it proceeds from a false premise. We have not sought to secure a review of the decision of the Industrial Commission. Accordingly, we did not rely on the provisions of section 15 of Act No. 85. The reason is obvious: simply that we, that is the Government, were not an insurer in the present case. We started from the assumption that there was no employment status, that is, that there was no relation of employer and workman, within the meaning of section 2 of Act No. 85 of 1928. This appears from the petition itself, as we shall show further on. So that the situation would have been quite different if an industrial accident having occurred, which is precisely what did not happen in this case, the Superintendent had deemed the sum awarded to the workman as excessive; not because the award was essentially unlawful, but because the granting thereof was not justified by the evidence . . .

"We think that we have shown that in accordance with section 24, as interpreted by Robertson Jones, the ultimate jurisdiction is vested in the Superintendent and that, in conformity with said section, in the four contingencies where the execution of the award lies, there must necessarily exist as a condition precedent the relation of employer and workman.

"It is true that under section 36 of Act No. 85 of 1928, the Superintendent of Insurance is bound to attach property of any employer who fails to fulfill his obligation of insuring his workmen for an amount sufficient to cover the sum of such compensation as may be decreed by the Commission. But it is of course understood, and this is essential, that the Superintendent of Insurance is not bound to levy an attachment where the Industrial Commission exceeds its powers and its acts are *ultra vires* . . .

"Apart from the essential requirement in a mandamus proceeding that the duty on the part of the respondent to perform the act complained of must be a ministerial one, and in the instant case such duty is discretionary and no abuse of discretion is alleged, we have here that, even though the petition should be deemed sufficient on this point, it fails to state facts sufficient to warrant the issuance

of a writ of mandamus, because, as appears from the original petition filed in the district court, the accident occurred while the injured person 'was looking for the registration of the birth of Rafael Cordero and, when taking the volume for which he was looking, another book lying on top came down and fell on one of his feet.' It is obvious that the search for books in the Civil Registry is not one of the duties of a jailer. But even supposing that the petitioner, besides being a jailer, was also the person in charge of the Civil Registry, then the accident is not of such a nature as to be compensable. Section 2 of Act No. 85 of 1928 prescribes that the provisions of the Act shall be applicable in the case of accidents caused by any act or function inherent in the work or employment of the workman or in the course of such work or employment, and as a consequence thereof. It further provides that as regards workmen or employees, except clerks, rendering services in any department or dependency of the Government, they shall come under the provisions of the Act. The function of searching for books in the Registry of Property (sic) is not inherent in the work of a jailer. If it were inherent in the activities of a jailer to look for books in the Civil Registry, he would then be acting as a clerk, and therefore any accident that occurred under those circumstances would not entitle him to compensation. It would be an accident, but not one coming within the purview of Act No. 85 of 1928, as amended by Act No. 40 of 1929.''

A reading of the foregoing is sufficient to conclude that, if the views above set forth were to be accepted in their entirety, the Superintendent of Insurance would thus become, not merely a supervisory officer, but an absolute arbiter of both the law and the facts, placed higher than the commission and empowered to disregard the courts of justice—all this without even hearing the interested party. In other words, it would result that after the commission, in the exercise of its quasi-judicial functions, renders a decision which becomes final by reason of the failure to appeal therefrom, the Superintendent, on his own initiative and without hearing the party who obtained such a decision, could set it aside or disregard it or declare it to be null and void because, in his judgment, the commission erroneously weighed the evidence and improperly applied the law. Such powers

would not be supervisory in character but judicial. Neither the law authorizes that procedure nor is it conceivable that such was the intention of the Legislature.

Section 15 of the Act provides that any interested party may file a petition for reviewing any decision of the Industrial Commission in the District Court for the district in which the accident occurred, and the concluding paragraph of section 24 provides that—

"All remedies granted to employers by this Act may be exercised in their names by their insurers including the Superintendent of Insurance when the employer is insured in the State Insurance Fund."

This is what the Superintendent ought to have done in the present case; to file in the proper district court within ten days after the service of notice, as provided in said section 15, a petition for a review of the decision rendered by the commission in favor of the workman, if he thought that the facts had been erroneously weighed and the law improperly applied. He should not have constituted himself, as he did, into a court of justice, to review the decision, vacating or ignoring it as something having no effect whatsoever.

He did not act within the law, and the decision became final and is binding under the express provisions of the statute (sections 19 and 12). Execution thereon lies in accordance with sections 24, 25, and 41.

By virtue of all the foregoing the conclusion is reached that the petition filed in the district court set forth a proper case for the issuance of a writ of mandamus. This being so, we should remand the case and order the issuance of a peremptory writ. However, in view of the attendant circumstances and in order that everything should be explained and the instant case may serve as a precedent for the rule to be followed in the future, an alternative writ is ordered to be issued, thus affording to the Treasurer an opportunity to

show any justifiable reason to the contrary which he may have not inconsistent with the construction of the law adopted by us.

Mr. Justice Wolf took no part in the decision of this case.